103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clayton WILLIAMS, Petitioner-Appellant,
v.
Theo WHITE, Warden, Respondent-Appellee.
 No. 96-15696.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clayton Williams, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Williams contends that the trial court violated his rights under the United States Constitution by: (1) admitting evidence regarding his solicitation of the murder of the prosecutor and a prosecution witness; (2) limiting his cross-examination of a prosecution witness; and (3) excluding the proffered rebuttal testimony of a proposed defense witness. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995), and affirm.
 
 
 3
 We reject Williams's contentions for the reasons set forth by the district court in its order filed March 28, 1996.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm under the former version of 28 U.S.C. § 2254, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Wood v. Alaska, 957 F.2d 1544, 1550 (9th Cir.1992) supports the district court's finding with regard to Williams's cross-examination claim. See also Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); Evans v. Lewis, 855 F.2d 631, 634 (9th Cir.1988)